**TESLA, INC.**
Robert W. Bruce (CA SBN 223488)
robebruce@tesla.com
Lindsey Adams-Hess (SBN 260600)
ladamshess@tesla.com
Winnie Yeung (CA SBN 238473)
winnyeung@tesla.com
1501 Page Mill Rd., Palo Alto, CA 94304

Attorneys for Defendant TESLA, INC.

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| DAVID V. JAFARI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a Texas Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. ___________<br><br>[Originally Filed in Orange County Superior Court, Case No. 30-2026-01590474-CU-PL-NJC]<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(a), 1441(a), AND 1446(a) (DIVERSITY JURISDICTION); DECLARATION OF ROBERT W. BRUCE**<br><br>Date Filed: |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

Defendant Tesla, Inc. ("Tesla") hereby removes the above-entitled action from the Orange County Superior Court of the State of California to the United States District Court for the Central District of California.

## I.

## TIMELINESS OF REMOVAL

1. On August 4, 2026, Plaintiff David V. Jafari, an individual ("Plaintiff"), commenced

an action in California State Court by filing a Complaint ("Complaint") entitled David V. Jafari v. Tesla, Inc., a Texas Corporation; and DOES 1 through 10, inclusive, Superior Court of California, County of Orange, North Justice Center, Case No. 30-2026-01590474-CU-PL-NJC (the "State Court Action"). (Declaration of Robert W. Bruce ("Bruce Decl."), ¶ 2, Ex. A.) The Complaint alleges six causes of action against Tesla for (1) Strict Products Liability — Design Defect; (2) Strict Products Liability — Failure to Warn; (3) Strict Products Liability — Manufacturing Defect; (4) Negligence; (5) Negligent Infliction of Emotional Distress; and (6) Breach of Express and Implied Warranties. Plaintiff also seeks punitive damages under California Civil Code § 3294 and demands a jury trial.

2. Plaintiff effectuated service of the Summons and Complaint on Tesla on August 17, 2026, by personal service on Tesla's registered agent, C T Corporation System, in Dallas, Texas. (Bruce Decl., ¶ 3, Ex. A.) Tesla is the only defendant named in the Complaint that has been served with the Summons and Complaint. (Bruce Decl., ¶ 4.)

3. Because Tesla files this Notice of Removal within 30 days of the date of service of the Summons and Complaint, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

**II.**

**VENUE**

4. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the district and division embracing the place where the State Court Action is pending. The State Court Action is pending in the Superior Court of California, County of Orange. (Bruce Decl., ¶ 2, Ex. A.) The United States District Court for the Central District of California, Southern Division, is the federal judicial district and division embracing Orange County. See 28 U.S.C. § 84(c)(3). Accordingly, venue is proper in this Court.

**III.**

**DIVERSITY JURISDICTION**

5. This is a civil action over which this Court has original jurisdiction, and one in which

Tesla may remove to this Court pursuant to the provisions of 28 U.S.C. § 1332(a) (diversity jurisdiction) and 28 U.S.C. § 1441(a) (removal jurisdiction).

6. Citizenship of Parties. The parties in this action are an individual and a corporation. For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The Complaint alleges that Plaintiff resides in Orange County, California. (Compl. ¶ 4.) The Complaint further alleges that the subject incident occurred in Orange County, Plaintiff suffered harm in Orange County, and the Subject Vehicle was inspected and repaired at Tesla's Lake Forest, California service center in Orange County. (Compl. ¶ 3.) The Complaint also alleges that Plaintiff is a practicing patent attorney of more than twenty-five years and owns a law firm that has operated since 2005. (Compl. ¶ 5.) Based on those allegations, and in the absence of any allegation that Plaintiff is domiciled elsewhere, Tesla is informed and believes, and on that basis alleges, that Plaintiff was domiciled in California when this action commenced and remains domiciled in California. Accordingly, Plaintiff is a citizen of California for purposes of 28 U.S.C. § 1332.

7. Defendant Tesla is a corporation. A corporation is a "citizen" of both the state in which it was incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Tesla is incorporated under the laws of Texas, and maintains its principal place of business in Austin, Texas. (Bruce Decl., ¶ 7.) Tesla is therefore a citizen of Texas for purposes of diversity jurisdiction.

8. Plaintiff also named Doe defendants in the Complaint; however, none have been named or served. (Bruce Decl., ¶ 4.) For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

9. Complete diversity exists because Plaintiff is a citizen of California and Tesla is a citizen of Texas.

10. **Amount in Controversy Exceeds $75,000.** Diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Complaint alleges lost wages of at least $139,040 and repair costs of

$2,123.05. (Compl. ¶¶ 43, 45; Bruce Decl. ¶ 8.) Those specifically pleaded amounts total $141,163.05 and exceed $75,000 standing alone, exclusive of interest and costs. The Complaint also seeks emotional distress damages, pain and suffering, fear, anxiety, loss of enjoyment of life, incidental and consequential damages, warranty remedies, attorneys' fees to the extent authorized, and punitive damages under California Civil Code § 3294. (Compl. ¶ 44; Prayer ¶¶ 1-8.) Tesla denies liability and does not concede that any requested relief is recoverable. Accordingly, the amount in controversy exceeds $75,000.

## IV.

## PROCEDURAL STATEMENT

11. Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly served on counsel of record for Plaintiff and filed with the Clerk of the Superior Court of California, County of Orange.

12. Copies of all process, pleadings, and orders served upon Tesla and available to Tesla at the time of filing are attached as Exhibit A. (Bruce Decl., ¶ ¶ 2, 9 Ex. A.)

13. No previous Notice of Removal has been filed in this Action.

14. Tesla reserves the right to amend or supplement this Notice of Removal.

15. Tesla does not waive any defense, objection, motion, or right available under federal or state law and does not admit any allegation in the Complaint.

## V.

## CONCLUSION

16. For the foregoing reasons, this Court has jurisdiction over the instant action under 28 U.S.C. § 1332(a) because the action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Tesla is a citizen of Texas, Plaintiff is a citizen of California, and the citizenship of any Doe defendants is disregarded under 28 U.S.C. § 1441(b)(1). Venue is proper in this District and Division under 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(3).

Tesla respectfully requests that this Court assume jurisdiction over this action.

Executed this 16th day of September, 2026 at San Diego, California.

Robert W. Bruce

**DECLARATION OF ROBERT W. BRUCE**

I, Robert W. Bruce, declare as follows:

1. I am Managing Counsel for Defendant Tesla, Inc. ("Tesla"). I submit this Declaration in support of Tesla's Notice of Removal. I have personal knowledge of the matters stated and, if called as a witness, could and would testify competently.

2. Attached as Exhibit A is a true and correct copy of Plaintiff's Complaint and the process, pleadings, and documents served upon Tesla in the action entitled *David V. Jafari v. Tesla, Inc., et al.*, Superior Court of California, County of Orange, Case No. 30-2026-01590474-CU-PL-NJC. The Complaint was filed on August 4, 2026.

3. Tesla was served with the Summons and Complaint on August 17, 2026, through its registered agent, C T Corporation System, in Dallas, Texas.

4. Tesla is the only named defendant that has been served with the Summons and Complaint. Plaintiff also names Doe defendants, but no Doe defendant has been identified or served.

5. The Complaint alleges that Plaintiff resides in Orange County, California. The Complaint further alleges that the subject incident occurred in Orange County, Plaintiff suffered harm in Orange County, and the Subject Vehicle was inspected and repaired at Tesla's Lake Forest, California service center in Orange County. The Complaint also alleges that Plaintiff is a practicing patent attorney of more than twenty-five years and owns a law firm that has operated since 2005. (Compl. ¶¶ 3-5.)

6. Based on the allegations described in Paragraph 5, and in the absence of any allegation that Plaintiff is domiciled elsewhere, Tesla is informed and believes that Plaintiff was domiciled in California when this action commenced and remains domiciled in California.

7. Tesla is incorporated under the laws of Texas and maintains its principal place of business in Austin, Texas.

8. The Complaint alleges repair costs of $2,123.05 and lost wages of at least $139,040. The Complaint also seeks emotional distress damages, pain and suffering, fear, anxiety, loss of enjoyment of life, incidental damages, consequential damages, warranty remedies, attorneys' fees to the extent authorized by law, and punitive damages. (Compl. ¶¶ 43-45, 109-118; Prayer ¶¶ 1-8.)

9. I reviewed the state-court materials attached to the Notice of Removal. To the best of my knowledge, they are true and complete copies of the state-court materials available to Tesla as of the time of filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of September, 2026 at San Diego, California.

Robert W. Bruce

**PROOF OF SERVICE**
F.R.C.P. Rule 5(b)(2)(3)

*STATE OF TEXAS, COUNTY OF TRAVIS*

I am employed in the County of Travis, State of Texas. I am over the age of 18 and not a party to the within action; am employed with Tesla, Inc. and my business address is 1 Tesla Rd., Austin, Texas 78725.

On **September 16, 2026,** I served the foregoing document described as:

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(a), 1441(a), AND 1446(a) (DIVERSITY JURISDICTION); DECLARATION OF ROBERT W. BRUCE**

on all interested parties in this action by transmitting an electronic copy as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than one day after the date of deposit for mailing in affidavit.

☐ BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (F.R.C.P. Rule 5(b)(2)): I sealed such document(s) in separate envelopes for each addressee and de posited each for collection and mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

☐ BY PERSONAL SERVICE (F.R.C.P 5(b)(2)): I caused to be delivered such envelope by hand to the addressee.

☒ **BY ELECTRONIC SERVICE (F.R.C.P 5(b)(2)):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed on the Service List.

Executed on September 16, 2026, at Austin, Texas.

☒ (Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Michael Kloss

Michael Kloss

## SERVICE LIST

**Jafari, David v. Tesla, Inc.**
**Orange County Superior Court**
**Case No.: 30-2026-01590474-CU-PL-NJC**

Saul Acherman, Esq.
John Marh
Trevor Brendlin
JAFARI LAW GROUP, INC.
2020Main St., Suite 350
Irvine, CA 92614

**Attorneys for Plaintiff**
**David V. Jafari**

Telephone: (949) 362-0100
Email(s): sacherman@jafarilawgroup.com; jmarh@jafarilawgroup.com; tbrendlin@jafarilawgroup.com