# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/17/2026
CT Log Number 553088481

## Service of Process Transmittal Summary

**TO:** LEGAL DEPARTMENT - SOP
Tesla, Inc.
1501 PAGE MILL RD
PALO ALTO, CA 94304-1126

**RE:** **Process Served in Texas**

**FOR:** Tesla, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DAVID V. JAFARI, an individual // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Notice(s), Attachment(s), Complaint, Demand |
| **COURT/AGENCY:** | Orange County - Superior Court, CA<br>Case # 30202601590474CUPLNJC |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2021 Tesla Model Y, VIN: 5YJYGDEE5MF081496 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/17/2026 at 10:26 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Saul Acherman<br>Jafari Law Group, Inc.<br>2020 Main Street, Suite 350<br>Irvine, CA 92614<br>949-362-0100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2026, Expected Purge Date: 08/23/2026<br><br>Image SOP<br><br>Email Notification, LEGAL DEPARTMENT - SOP legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Aug 17, 2026
**Server Name:** Gean Smith

| | |
|---|---|
| Entity Served | TESLA, INC. |
| Case Number | 30-2026-01590474-CU-PL-NJC |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |

Electronically Filed by Superior Court of California, County of Orange, 08/04/2026 02:05:58 PM.
30-2026-01590474-CU-PL-NJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By S. Berry, Deputy Clerk.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
TESLA, INC., a Texas Corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
DAVID V. JAFARI, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* ~~Central Justice Center~~
~~700 Civic Center Drive West, Santa Ana, CA 92701~~ sb
North Justice Center
1275 North Berkeley Avenue
Fullerton, CA 92832

CASE NUMBER:
*(Número del Caso):* 30-2026-01590474-CU-PL-NJC

Judge Scott A Steiner

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Saul Acherman; Jafari Law Group, Inc.; 2020 Main St. Suite 350, Irvine, CA 92614; 949-362-0100

DATE: August 4, 2026 DAVID H. YAMASAKI, Clerk of the Court Clerk, by S. Berry S. Berry, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

**NOTICE TO THE PERSON SERVED:** You are served
1. [XX] as an individual defendant. TESLA, INC., A TEXAS CORPORATION
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:

under: [XX] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [XX] by personal delivery on *(date)*:

Rec'd Date 7-15-26 Rec'd Time 5:00 PM
Service To
Date 8-17-26 Time 10:20 AM
Gean O. Smith PSC-4683
Sig.



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 08/04/2026 02:05:58 PM.
30-2026-01590474-CU-PL-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By S. Berry, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 288036
NAME: Saul Acherman
FIRM NAME: Jafari Law Group, Inc.
STREET ADDRESS: 2020 Main Street, Suite 350
CITY: Irvine STATE: CA ZIP CODE: 92614
TELEPHONE NO.: 949-362-0100 FAX NO.:
EMAIL ADDRESS: sacherman@jafarilawgroup.com
ATTORNEY FOR (*name*): David V. Jafari

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: [redacted] North Justice Center
MAILING ADDRESS: [redacted] 1275 North Berkeley Avenue
CITY AND ZIP CODE: [redacted] *sb* Fullerton, CA 92832
BRANCH NAME: [redacted]

CASE NAME:
David V. Jafari v. Tesla, Inc. and Does 1 through 10

CASE NUMBER: 30-2026-01590474-CU-PL-NJC

JUDGE: Judge Scott A Steiner
DEPT.:

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

## Complex Case Designation

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [X] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Song-Beverly Act: Motor Vehicle Lemon Law (49)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. ☒ monetary
b. ☐ nonmonetary; declaratory or injunctive relief
c. ☒ punitive

4. Number of causes of action *(specify)*: Six (6)

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 4, 2026

Saul Acherman
Type or print name

▶ [signature]
Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton 92838<br>BRANCH NAME: North Justice Center | *FOR COURT USE ONLY*<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE*<br>**Aug 13, 2026**<br>Clerk of the Superior Court<br>By: S. BERRY, Deputy |
| PLAINTIFF: David Jafari | |
| DEFENDANT: Tesla, Inc. | |
| Short Title: JAFARI VS. TESLA, INC. | |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2026-01590474-CU-PL-NJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 01/12/2027 at 09:00:00 AM in Department N18 of this court, located at North Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

IMPORTANT: Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

IMPORTANTE: Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

QUAN TRỌNG: Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: S. Berry, Deputy

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:

- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:<br><br>Telephone No.: Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*: Bar No: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Costa Mesa - 3390 Harbor Blvd., Costa Mesa, CA 92626-1554<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), ______________________________

______________________________

and Defendant(s)/Respondent(s), ______________________________

______________________________

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
- ☐ Under section 1141.11 of the Code of Civil Procedure (Judicial Arbitration)
- ☐ Under section 1280 of the Code of Civil Procedure (Contractual Arbitration)

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ An approved fee waiver (FW-003) is attached to this Stipulation, and the selected ADR Neutral(s) are eligible to provide pro bono services.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: ______________ ______________________ ______________________
(SIGNATURE OF PLAINTIFF OR ATTORNEY) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: ______________ ______________________ ______________________
(SIGNATURE OF DEFENDANT OR ATTORNEY) (SIGNATURE OF DEFENDANT OR ATTORNEY)

Electronically Filed by Superior Court of California, County of Orange, 08/04/2026 02:05:58 PM.
30-2026-01590474-CU-PL-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By S. Berry, Deputy Clerk.

Saul Acherman (CA SBN 288036)
sacherman@jafarilawgroup.com
John Marh (CA SBN 355359)
jmarh@jafarilawgroup.com
Trevor Brendlin (CA SBN 363587)
tbrendlin@jafarilawgroup.com
**JAFARI LAW GROUP, INC.**
2020 Main St., Suite 350
Irvine, CA 92614
(949) 362-0100

Attorneys for Plaintiff
DAVID V. JAFARI

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
NORTH *sb*
**~~CENTRAL~~ JUSTICE CENTER**

**Assigned for All Purposes**
Judge Scott A Steiner

| | |
|---|---|
| DAVID V. JAFARI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a Texas Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 30-2026-01590474-CU-PL-NJC<br><br>**COMPLAINT FOR:**<br><br>1. **Strict Products Liability — Design Defect;**<br>2. **Strict Products Liability — Failure to Warn;**<br>3. **Strict Products Liability — Manufacturing Defect;**<br>4. **Negligence;**<br>5. **Negligent Infliction of Emotional Distress; and**<br>6. **Breach of Express and Implied Warranties.**<br><br>**JURY TRIAL DEMANDED**<br><br>**UNLIMITED CIVIL CASE** |

Plaintiff DAVID V. JAFARI, (hereafter "Plaintiff" and/or "Mr. Jafari") hereby brings the present action against Defendant TESLA, INC., a Texas Corporation (hereafter "Tesla" and/or "Defendant"); and DOES 1-10 inclusive (collectively, the "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action because the amount in controversy exceeds the jurisdictional minimum of this Court and because Defendants conduct substantial business in California, purposefully direct activities toward California consumers, market and sell vehicles in California, operate Tesla service centers in California, and placed the subject vehicle into the stream of commerce for use by California consumers.

2. This Court has personal jurisdiction over Tesla because Tesla regularly conducts business in California, sells and services vehicles in California, maintains service operations in California, and the claims alleged herein arise from and relate to Tesla's California-directed business activities.

3. Venue is proper in Orange County because Plaintiff resides in Orange County, the subject incident occurred in Orange County, Plaintiff suffered harm in Orange County, and the subject vehicle was inspected and repaired at Tesla's Lake Forest, California service center in Orange County.

## PARTIES

4. Plaintiff DAVID V. JAFARI is, and at all relevant times was, an individual residing in Orange County, California.

5. Plaintiff is a practicing patent attorney of more than twenty-five years and owns a law firm that has operated since 2005. Plaintiff is also an experienced consumer and longtime Tesla customer whose household has owned multiple Tesla vehicles.

6. Defendant TESLA, INC. is, and at all relevant times was, a Texas corporation with its principal place of business at 1 Tesla Road, Austin, Texas 78725.

7. Tesla designs, manufactures, assembles, tests, markets, distributes, sells, leases,

services, repairs, and provides warnings and instructions for Tesla vehicles, including the Tesla Model Y, throughout California and the United States.

8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

9. Plaintiff is informed and believes, and on that basis alleges, that each Doe Defendant was responsible in some manner for the events and damages alleged herein, including through the design, manufacture, assembly, testing, inspection, distribution, sale, lease, marketing, warnings, instructions, service, repair, software, component supply, or maintenance of the subject vehicle or its relevant systems.

10. Plaintiff is informed and believes, and on that basis alleges, that each Defendant was the agent, employee, representative, partner, joint venturer, alter ego, successor, predecessor, subsidiary, parent, affiliate, or co-conspirator of each other Defendant, and in doing the acts alleged herein acted within the course and scope of that relationship.

## FACTUAL ALLEGATIONS

11. The vehicle at issue is a 2021 Tesla Model Y, VIN 5YJYGDEE5MF081496, license plate 8TLX776, solid black, owned and operated by Plaintiff (the "Subject Vehicle").

12. Plaintiff purchased the Subject Vehicle new and directly from Tesla in or about November 2020, primarily for personal, family, household, and professional transportation use.

13. Tesla was both the manufacturer and the retail seller of the Subject Vehicle.

14. Plaintiff was the original retail purchaser of the Subject Vehicle.

15. At all relevant times before the incident, the Subject Vehicle had not been materially modified by Plaintiff in any manner relevant to the door, latch, locking, emergency-release, touchscreen, low-voltage battery, or vehicle-power systems.

16. At all relevant times, the Subject Vehicle was used in an intended and reasonably foreseeable manner.

17. Tesla designed the Subject Vehicle so that the ordinary driver-side door egress

system relied on electronically actuated door-release functions, including an electronic door-release button and electronically controlled locking and vehicle-power systems.

18. Tesla also equipped the Subject Vehicle with a manual emergency door-release mechanism for use when normal electronic door-release systems are unavailable.

19. However, the manual emergency release in the Subject Vehicle was concealed, flush, non-obvious, not labeled as an emergency device, not located or presented like a traditional door handle, and not reasonably identifiable to an ordinary consumer during an emergency.

20. Plaintiff had no actual knowledge before the incident that the Subject Vehicle contained a concealed manual emergency door-release mechanism that would be necessary to escape the vehicle during a total or substantial power failure.

21. Plaintiff had never been adequately informed by Tesla during purchase, delivery, ownership, service, or ordinary use that a power failure could render the ordinary door-release system inoperable and require use of a hidden manual release.

22. Tesla did not provide a visible, conspicuous, and adequate warning or instruction inside the Subject Vehicle that would reasonably alert an occupant, during an emergency, to the location and operation of the manual emergency release.

23. On or about August 20, 2024, at approximately 8:40 a.m., on a clear day with temperatures approaching 100°F, Plaintiff entered the Subject Vehicle in the ordinary course of use.

24. Immediately after Plaintiff entered the Subject Vehicle and closed the driver-side door, the center touchscreen became completely unresponsive.

25. Plaintiff attempted to activate and operate the Subject Vehicle through the touchscreen, steering controls, and Tesla mobile application, but those attempts failed.

26. The Subject Vehicle appeared to be experiencing a total or substantial loss of electrical function.

27. As several minutes passed, the interior cabin temperature increased rapidly.

28. Plaintiff began sweating profusely and experiencing escalating distress as the heat inside the Subject Vehicle became physically unbearable.

29. Plaintiff attempted to exit the Subject Vehicle through the ordinary electronic door-release system, but the electronic door release did not function.

30. Plaintiff attempted to unlock and exit the Subject Vehicle using all apparent and reasonably available means known to him at the time, including available electronic controls and the Tesla mobile application.

31. Plaintiff did not know of any concealed manual emergency release, could not reasonably identify such a release during the emergency, and had not been given adequate warning or instruction that would have enabled him to locate and operate it under the circumstances.

32. Plaintiff was effectively trapped inside the Subject Vehicle.

33. While trapped, Plaintiff experienced acute panic, fear, and distress as the cabin temperature continued to rise.

34. Plaintiff called his wife for help because he feared that assistance might not arrive before the situation became catastrophic.

35. Plaintiff's wife later arrived and observed that Plaintiff was panicked, drenched in sweat, trembling, and struggling to breathe, and that the vehicle felt like an oven.

36. Faced with escalating heat, no apparent means of egress, and reasonable fear of serious bodily harm, Plaintiff was forced to break the driver-side window to escape the Subject Vehicle.

37. After the incident, Plaintiff was terrified of driving the Subject Vehicle.

38. On or about September 20, 2024, approximately thirty days after the incident, Plaintiff brought the Subject Vehicle to Tesla's Lake Forest service center for inspection and repair.

39. Tesla's own service invoice recorded Plaintiff's report that he "had to break the window in order to get out of the car because the computer malfunctioned and it would not open the door."

40. Tesla's service invoice further recorded that the "Center display was blacked out," that Plaintiff "went into the vehicle to start and the vehicle locked him in," and that the relevant

timestamp was August 20 at approximately 9:15 a.m.

41. Tesla diagnosed the concern as related to a dead 12-volt battery that powered the vehicle down, replaced the 12-volt battery, updated the vehicle software, and performed related repairs.

42. Tesla replaced the front left door glass, front left door glass run seal, front window regulator mechanism, 12-volt battery, and related components, and also replaced the front right door glass.

43. Plaintiff paid Tesla $2,123.05 for the repair work.

44. Plaintiff also suffered severe emotional distress, panic, fear, pain and suffering, and consequential damages.

45. As a direct result of the incident, Plaintiff lost approximately 22 workdays. Based on Plaintiff's hourly rate of $790 and an eight-hour workday, Plaintiff's lost wages total at least $139,040, subject to proof at trial.

46. Plaintiff is informed and believes, and on that basis alleges, that Tesla had long been aware before Plaintiff's incident that electronically actuated door systems, concealed manual releases, low-voltage power failures, and failed egress systems could trap occupants inside Tesla vehicles.

47. Plaintiff is informed and believes, and on that basis alleges, that Tesla had actual or constructive notice of prior similar incidents, consumer complaints, public reports, lawsuits, service data, and safety concerns involving electronically actuated doors, failed egress, occupant entrapment, and inadequate warnings regarding hidden manual releases.

48. Despite that knowledge, Tesla failed to redesign the Subject Vehicle to provide a reasonably intuitive, conspicuous, fail-safe, and accessible manual means of egress during power loss.

49. Despite that knowledge, Tesla failed to provide adequate, visible, conspicuous, and understandable warnings or instructions to Plaintiff and other consumers regarding the risk of entrapment during power failure and the location and operation of the manual emergency release.

50. A reasonable consumer would not expect that entering a passenger vehicle in normal use could result in confinement unless the consumer possessed prior specialized knowledge of a concealed manual-release mechanism.

51. The danger was especially serious and foreseeable in hot weather because even a short delay in egress can create a risk of heat-related injury, panic, and medical emergency.

## FIRST CAUSE OF ACTION

**Strict Products Liability - Design Defect**

**(Against all Defendants)**

52. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

53. Tesla designed, manufactured, assembled, tested, marketed, distributed, sold, leased, serviced, and provided warnings and instructions for the Subject Vehicle.

54. At the time the Subject Vehicle left Defendants' possession, the Subject Vehicle contained a design defect because it failed to perform as safely as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

55. Specifically, the Subject Vehicle's ordinary driver-side egress system depended on electronic functionality, while the backup manual emergency release was concealed, non-intuitive, insufficiently labeled, and not reasonably apparent to an ordinary consumer during an emergency.

56. A reasonable consumer would expect to be able to exit a passenger vehicle during ordinary use, including during a foreseeable power failure, without prior specialized knowledge of a hidden emergency-release mechanism.

57. The Subject Vehicle failed to meet those ordinary consumer safety expectations when Plaintiff became trapped inside the vehicle during a power failure and could not exit through the ordinary electronic door-release system.

58. The Subject Vehicle was also defective under the risk-benefit test because the risks of the challenged design outweighed its benefits. Those risks included foreseeable occupant

entrapment, inability to escape during power loss, heat-related injury, panic, and emergency egress failure.

59. Feasible, safer alternative designs existed, including but not limited to a conspicuous mechanical release integrated with or adjacent to the ordinary door handle, prominent emergency labeling, illuminated or tactile emergency-release indicators, a fail-safe mechanical door-opening system, redundant power for door release, and clearer in-vehicle warnings and instructions.

60. The burden of adopting a safer design was outweighed by the likelihood and severity of harm posed by the concealed and non-intuitive emergency-release design.

61. Plaintiff used the Subject Vehicle in a reasonably foreseeable manner and did not misuse it.

62. The design defect was a substantial factor in causing Plaintiff's injuries and damages, including entrapment, emotional distress, property damage, repair costs, lost wages, and other consequential damages.

63. As a direct and proximate result of the design defect, Plaintiff is entitled to compensatory damages according to proof.

**SECOND CAUSE OF ACTION**

**Strict Products Liability - Failure to Warn**

**(Against all Defendants)**

64. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

65. At the time the Subject Vehicle left Defendants' possession, and at all relevant times thereafter, Tesla knew or reasonably should have known that the Subject Vehicle's ordinary electronic egress system could become unavailable during a power failure and that occupants could be trapped if they did not know how to locate and operate the manual emergency release.

66. Tesla knew or reasonably should have known that the manual emergency release was concealed, non-intuitive, not labeled as an emergency device, and not reasonably apparent to

ordinary consumers in an emergency.

67. Tesla knew or reasonably should have known that consumers would not expect a passenger vehicle to require use of a concealed manual mechanism to escape during a power failure.

68. Tesla failed to provide adequate warnings, instructions, labels, disclosures, or other safety information regarding the risk that a power failure could disable ordinary electronic egress and trap an occupant inside the vehicle.

69. Tesla failed to provide adequate warnings, instructions, labels, disclosures, or other safety information regarding the location and operation of the manual emergency release.

70. Any warning or instruction Tesla provided was inadequate because it was not sufficiently visible, conspicuous, intuitive, accessible, or effective to alert an ordinary consumer during ownership and emergency use.

71. Adequate warnings and instructions would have informed Plaintiff, before the incident, that a power failure could disable ordinary egress and that a concealed manual emergency release was available and how to operate it.

72. Had Tesla provided adequate warnings and instructions, Plaintiff would have known how to locate and operate the manual emergency release and would have avoided or reduced the harm alleged herein.

73. Tesla's failure to provide adequate warnings and instructions was a substantial factor in causing Plaintiff's injuries and damages.

74. As a direct and proximate result of Tesla's failure to warn, Plaintiff is entitled to compensatory damages according to proof.

**<u>THIRD CAUSE OF ACTION</u>**

**Strict Products Liability - Manufacturing Defect**

**(Against all Defendants)**

75. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

76. Plaintiff pleads this cause of action in the alternative.

77. At the time the Subject Vehicle left Defendants' possession, the Subject Vehicle and its component systems, including the 12-volt battery system, vehicle-power system, touchscreen/control system, driver-side door-release system, latch system, lock system, window regulator system, and related software and hardware, were intended to allow safe operation and safe occupant egress during reasonably foreseeable use.

78. Plaintiff is informed and believes, and on that basis alleges, that the Subject Vehicle contained one or more manufacturing, assembly, component, software, installation, calibration, or quality-control defects that caused it to deviate from Tesla's intended design or from otherwise identical Tesla vehicles.

79. Those defects included, without limitation, defects in the 12-volt battery and/or related power-management systems that caused the Subject Vehicle to power down, the center display to black out, and the ordinary electronic door-release system to become unavailable.

80. Tesla's service center diagnosed the post-incident concern as related to a dead 12-volt battery that powered the vehicle down, replaced the 12-volt battery, updated the vehicle software, and performed related repairs.

81. The Subject Vehicle's manufacturing, assembly, component, software, installation, calibration, or quality-control defects existed when the Subject Vehicle left Defendants' possession or were the result of Defendants' acts and omissions relating to design, manufacture, assembly, service, repair, software updates, or component supply.

82. The manufacturing defect was a substantial factor in causing Plaintiff's injuries and damages.

83. As a direct and proximate result of the manufacturing defect, Plaintiff is entitled to compensatory damages according to proof.

## **FOURTH CAUSE OF ACTION**

**Negligence**

**(Against all Defendants)**

84. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

85. Defendants owed Plaintiff a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, distribution, sale, lease, service, repair, software updating, warning, and instruction of the Subject Vehicle and its component systems.

86. Defendants owed Plaintiff a duty to design and provide a vehicle that allowed occupants to exit safely during intended and reasonably foreseeable use, including during foreseeable power failures.

87. Defendants owed Plaintiff a duty to reasonably test for power-loss, low-voltage battery, touchscreen, door-release, latch, lock, and emergency-egress failure modes.

88. Defendants owed Plaintiff a duty to provide adequate warnings and instructions regarding known or reasonably knowable risks associated with power-loss egress failure and concealed manual emergency releases.

89. Defendants breached their duties by, among other things:

a. Designing and selling a vehicle whose ordinary egress system depended on electronic functionality without providing a reasonably conspicuous, intuitive, and accessible manual backup;

b. Failing to design a fail-safe driver-side egress system for foreseeable power-loss scenarios;

c. Failing to adequately test and validate the Subject Vehicle for foreseeable low-voltage battery failure, total or substantial power failure, touchscreen blackout, electronic door-release failure, and occupant entrapment;

d. Failing to provide adequate warnings and instructions regarding the risk of entrapment during power failure;

e. Failing to provide adequate warnings and instructions regarding the location and operation of the manual emergency release;

f. Failing to take reasonable corrective action despite prior notice of similar incidents and complaints;

g. Failing to recall, retrofit, repair, or redesign vehicles with the same or substantially similar egress hazards; and

h. Failing to exercise reasonable care in diagnosing, servicing, repairing, updating, and maintaining the Subject Vehicle and its relevant systems.

90. Defendants knew or reasonably should have known that their acts and omissions created an unreasonable risk that occupants would be trapped inside Tesla vehicles during power failures.

91. Plaintiff used the Subject Vehicle in a reasonably foreseeable manner.

92. Defendants' negligence was a substantial factor in causing Plaintiff's injuries and damages, including emotional distress, fear, pain and suffering, and related noneconomic harm.

93. As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to compensatory damages according to proof.

**FIFTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(Against all Defendants)**

94. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

95. Defendants owed Plaintiff a duty to exercise reasonable care to avoid causing foreseeable physical harm, emotional distress, and economic injury through defective vehicle design, inadequate warnings, and unsafe egress systems.

96. Defendants knew or reasonably should have known that trapping an occupant inside a sealed vehicle during a power failure, particularly in extreme heat, would foreseeably cause severe fear, panic, emotional distress, and potential physical injury.

97. Defendants breached their duties as alleged above.

98. As a direct and proximate result of Defendants' breaches, Plaintiff was trapped inside the Subject Vehicle, experienced acute panic and fear for his safety, suffered severe emotional distress, and was forced to break the driver-side window to escape.

99. Plaintiff's emotional distress was serious and substantial, and was a foreseeable result of Defendants' conduct.

100. Defendants' negligence was a substantial factor in causing Plaintiff's emotional distress and related damages.

101. Plaintiff is entitled to damages according to proof.

## SIXTH CAUSE OF ACTION

### Breach of Express and Implied Warranties

### (Against all Defendants)

102. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

103. Tesla made express warranties, affirmations of fact, promises, representations, and written warranties concerning the Subject Vehicle's safety, reliability, functionality, workmanship, and suitability for ordinary transportation use.

104. Tesla expressly and impliedly warranted that the Subject Vehicle was safe, merchantable, fit for ordinary transportation purposes, adequately designed, adequately manufactured, adequately serviced, and accompanied by adequate warnings and instructions.

105. The Subject Vehicle was not safe, merchantable, or fit for its ordinary and intended purpose because it could experience a total or substantial power failure, disable ordinary electronic egress, trap an occupant inside, and require use of a concealed and non-intuitive manual emergency release that was not adequately disclosed or labeled.

106. The Subject Vehicle failed to conform to Tesla's express warranties and breached the implied warranty of merchantability because it was not of the same quality as similar goods, was not fit for the ordinary purposes for which such vehicles are used, and did not provide safe and reliable occupant egress during reasonably foreseeable conditions.

107. Plaintiff gave Tesla notice of the defect and resulting harm, including by presenting the Subject Vehicle to Tesla's Lake Forest service center and through subsequent pre-litigation communications.

108. Tesla failed to provide a complete and adequate remedy for Plaintiff's damages.

109. As a direct and proximate result of Defendants' breaches of warranty, Plaintiff suffered damages according to proof, including repair costs, lost wages, emotional distress damages to the extent recoverable, consequential damages, incidental damages, and other damages allowed by law.

**PUNITIVE DAMAGES ALLEGATIONS**

**California Civil Code section 3294**

**(Against all Defendants)**

110. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

111. Plaintiff seeks punitive and exemplary damages under California Civil Code section 3294.

112. Plaintiff is informed and believes, and on that basis alleges, that before Plaintiff's incident, Tesla had actual knowledge through its officers, directors, managing agents, engineers, safety personnel, service personnel, legal personnel, risk-management personnel, and/or other policy-making employees that electronically actuated door systems, concealed emergency releases, and power-loss scenarios created a serious risk of occupant entrapment.

113. Plaintiff is informed and believes, and on that basis alleges, that Tesla had notice of similar entrapment incidents, consumer complaints, service reports, public reports, litigation, and safety concerns before Plaintiff's incident.

114. Plaintiff is informed and believes, and on that basis alleges, that Tesla consciously disregarded the known safety risk by continuing to design, manufacture, market, sell, lease, and service vehicles with non-intuitive and concealed emergency-release systems without adequate warnings, labels, retrofit, recall, redesign, or other corrective action.

115. Plaintiff is informed and believes, and on that basis alleges, that Tesla's conduct was carried out, authorized, or ratified by one or more officers, directors, or managing agents responsible for Tesla's vehicle design, safety, warnings, service policies, risk management, and/or

product-liability decisions.

116. Tesla's conduct was despicable and was carried out with a willful and conscious disregard of the rights and safety of Plaintiff and other Tesla occupants.

117. Tesla's conduct was motivated, in whole or in part, by financial considerations, including the desire to avoid the expense of redesign, recall, retrofit, enhanced warnings, service campaigns, or other corrective action.

118. Plaintiff therefore seeks punitive and exemplary damages in an amount sufficient to punish Defendants and deter similar conduct, subject to proof at trial.

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For past and future economic damages according to proof, including but not limited to repair costs, lost wages, incidental damages, consequential damages, and other out-of-pocket losses;

2. For non-economic damages according to proof, including but not limited to emotional distress, pain and suffering, fear, anxiety, loss of enjoyment of life, and related damages;

3. For restitution, incidental damages, consequential damages, and all warranty remedies available by law;

4. For punitive and exemplary damages according to proof;

5. For pre-judgment and post-judgment interest according to law;

6. For costs of suit incurred herein;

7. For reasonable attorneys' fees to the extent authorized by contract, statute, or other applicable law; and

8. For such other and further relief as the Court deems just and proper.

Dated: August 4, 2026

**JAFARI LAW GROUP, INC.**

Saul Acherman
John Marh
Trevor Brendlin
*Attorneys for Plaintiff*
DAVID V. JAFARI

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

Dated: August 4, 2026

**JAFARI LAW GROUP, INC.**

Saul Acherman
John Marh
Trevor Brendlin
*Attorneys for Plaintiff*
DAVID V. JAFARI